```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ADEKUNLE OLUMUYIWA OLUYISOLA OLUSI,:

                Plaintiff,          :

        - against -                 :

PETER KEISLER et al.,               :

                Defendants.         :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

**MEMORANDUM & ORDER**

07 Civ. 8776 (DC)

**CHIN, District Judge**

      Plaintiff filed this action against Peter Keisler, Acting Attorney General, the Eastern Regional Director of the Immigration and Naturalization Service, and the District Director of the Immigration and Naturalization Service on October 11, 2007.

      Plaintiff failed to file an affidavit of service attesting to service of the summons and complaint within 120 days of filing the action, as is required by Fed. R. Civ. P. 4(m). On March 21, 2008, I issued an order directing plaintiff to file the affidavit of service with the Clerk of the Court or show cause in writing why an extension of the time for filing was warranted by April 21, 2008. The order gave notice that failure to comply would result in the dismissal of the action without prejudice. On April 21, 2008, plaintiff filed two separate documents, both entitled "Affidavit of Service," on ECF.

      The Court received a letter from the Government dated June 11, 2008, setting forth several arguments for why this case must be dismissed. The Government's central argument is that

plaintiff has not properly served the Government with the summons and complaint.

I issued an order on June 12, 2008, deeming the Government's letter a motion to dismiss, and directing plaintiff's counsel to respond in writing to the Government's letter by Monday, June 23, 2008.  On June 23, 2008, I received a declaration from plaintiff's attorney, essentially arguing that service is proper because plaintiff is not required to serve the United States Attorney for the district in which the action is brought -- in this case the Southern District of New York.

On July 15, 2008, my law clerk discovered that the two documents filed by plaintiff on ECF on April 21, 2008, entitled "Affidavit of Service," were not, in fact, affidavits of service, but rather two attorney declarations.  My law clerk called plaintiff's counsel the same day to seek clarification, and requested that he correct the filing error and immediately fax a copy of the affidavit of service to my chambers.  Plaintiff's counsel then faxed two affidavits of service to my chambers and uploaded the same on ECF.

I have reviewed the affidavits of service from plaintiff's counsel, and conclude that service on the Government was improper.

Plaintiff brings this action against three government officers sued in their official capacities.  Accordingly, pursuant to Fed. R. Civ. P. 4(i)(2), he is required to (1) serve the United States and (2) send a copy of the summons and

complaint by registered or certified mail to the officers sued in their official capacities.

Fed. R. Civ. P. 4(i)(1) sets forth the rules for proper service on the United States. The rule provides that to serve the United States, a plaintiff must

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought -- or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk -- or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added).

Plaintiff has sent a copy of the summons and complaint by registered or certified mail to the officers sued in their official capacities. He has not, however, complied with the requirement that he serve the United States. He has neither delivered a copy of the summons and complaint to the United States attorney for the Southern District of New York nor sent a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office. Sending a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. -- who also received a copy

- 3 -

pursuant to Fed. R. Civ. P. 4(i)(2) -- is not sufficient to meet the requirements of Fed. R. Civ. P. 4(i)(1).

Plaintiff's argument that sections (A) and (B) should be read in the disjunctive is not supported by the plain language of the rule, and plaintiff cites no cases to support this argument. Fed. R. Civ. P. 4(i)(1)(A)(ii) is not followed by the word "or" to indicate the disjunctive. Rather, the section is separated from Fed. R. Civ. P. 4(i)(1)(B) only by a semicolon. Both sections (A) and (B) of the rule must be met. See, e.g., Noutchang v. Caterisano, No. 06 Civ. 521 (RJL), 2007 WL 396821, at *1 (D.D.C. Feb. 1, 2007) (dismissal for failing to serve the United States Attorney); Brewer v. Baugh, 370 F. Supp. 2d 988, 992 (D. Ariz. 2005) (dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process); see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1106 (3d ed. 2002) ("failure to comply with the requirements prescribed by both Rule 4(i)(1)(A) and Rule 4(i)(1)(B) normally will lead to a dismissal of the action").

Accordingly, defendants' motion to dismiss for insufficient service of process is granted, and the action is dismissed without prejudice to refiling. The Court declines to reach any alternative grounds for dismissal.

SO ORDERED.

Dated:   New York, New York
         August 13, 2008

                                    _____
                                    DENNY CHIN
                                    United States District Judge